Filed 10/4/16  P. v. Becker CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B270192 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. ZM017096) |
| v. | |
| RONALD BECKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shellie L. Samuels, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Ronald Becker (Becker) appeals from a judgment committing him to a state psychiatric facility as a sexually violent predator (SVP) within the meaning of Welfare and Institutions Code section 6600 et seq.

In 1993, a New York court sentenced Becker for molesting a 10-year-old child and an eight year old. In 1994, shortly after being released from prison in New York, Becker was arrested for annoying a child at a carnival in Lompoc, California. In 1996, Becker was found guilty in California of having engaged three boys (ages eight, nine and 12 years old, respectively) in lewd and lascivious conduct (Pen. Code, § 288).

On January 11, 2011, the People filed a petition seeking to commit Becker as a SVP. On February 9, 2011, Becker denied the petition's allegations and waived his right, among other thing, to a probable cause hearing within 10 days and to a speedy trial. On March 22-23, 2011, the court held a probable cause hearing. After hearing testimony from two psychologists, Charles Flinton, Ph.D. (Flinton) and Douglas Korpi, Ph.D. (Korpi), the court found probable cause and ordered Becker housed at Coalinga State Hospital.

On January 11, 2016, the People and Becker waived their respective rights to a jury trial. The trial court held a bench trial from January 13-26, 2016. During the course of the trial three witnesses testified: Drs. Flinton and Korpi testified once again for the People; both diagnosed Becker with pedophilia and both found that Becker posed a serious and well-founded risk of sexually re-offending.[1] Kopi testified that most "[p]eople who are arrested for sexual offense do not get arrested again"; the fact that Becker was arrested three times "defie[s] gravity." For Becker, Brian Abbott, Ph.D., a forensic psychologist, testified; he diagnosed Becker with posttraumatic stress disorder and a major depressive disorder and found that, while Becker had a bisexual orientation

---

[1] The People sought to add a third psychologist as a rebuttal witness, but the trial court denied the request.

2

toward adult males and females, he did not have any clinically significant sexual interest in prepubescent children.

On January 26, 2016, the trial court found the petition's allegations to be true and ordered Becker committed indefinitely to the Department of Mental Health. The court explained that while it had "no doubt" that Becker himself was the victim of childhood abuse, it could not base its decision on "sympathy or pity" for him. The court, inter alia, found that Becker had been convicted of committing sexually violent offenses against several victims and that he suffered from a diagnosed medical disorder, which the court found to be a pedophilic disorder. As a result, the court further found that Becker posed a danger to the health and safety of others because it was "likely that [he] will engage in sexually violent predatory criminal behavior" in the future. Of "particular[] significance" to the court was the many unknown potential triggers for Becker's criminal conduct: "Without knowing the triggers that would induce [Becker] to commit pedophilia, the community is not safe with [Becker] among them. In addition, the court was troubled by Becker's "lack of willingness or readiness to participate in programs that would address [his] problems with prepubescent children."

On January 26, 2016, Becker filed a timely notice of appeal. We appointed counsel to represent him, and, after examining the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On July 5, 2016, we advised Becker he had 30 days in which to submit any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that Becker's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

3

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.


4